IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELLE A. RAMOS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:23-cv-02502-SHL-atc |
| MARLOWE'S INC. d/b/a MARLOWES RIBS AND RESTAURANT, et al., | ) |
|     Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R") on Defendants Marlowe's Inc. d/b/a Marlowes Ribs and Restaurant ("Marlowe's"), Melissa Coleman, and Michael Coleman's Motions to Dismiss, and Plaintiff Michelle A. Ramos's Motion to Amend, entered May 14, 2024. (ECF No. 38.) Judge Christoff recommends that the Court grant in part and deny in part Defendants' Motions to Dismiss and Plaintiff's Motion to Amend and the Court agrees. (Id. at PageID 185.)

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." Fed. R. Civ. P. 72(b) 1983 advisory committee notes.

More than fourteen days have now passed since this R&R was entered on May 14, 2024, and no objections have been filed. Therefore, the Court reviews the R&R in its entirety for clear error and finds none. For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety and **GRANTS IN PART AND DENIES IN PART** Defendants' Motions to Dismiss and Plaintiff's Motion to Amend.

## I.     Motion to Dismiss for Insufficient Process and Service

First, the R&R addresses Defendants' Motion to Dismiss for insufficient process and service of process. (ECF No. 38 at PageID 187.) Although Judge Christoff found that the Plaintiff had not properly served any Defendant, she recommends that Plaintiff be allowed twenty-one additional days to do so. In reaching that decision, Judge Christoff considered the following five factors:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, i.e., cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

(Id. at PageID 194) (quoting Bonds v. City of Ripley Police Dep't, No. 2:18-cv-02362-MSN-dkv, 2019 WL 5095796, at *3 (W.D. Tenn. Mar. 25, 2019), report and recommendation adopted as modified, 2019 WL 4750596 (W.D. Tenn. Sept. 30, 2019) (collecting cases)). For the reasons discussed in the R&R, the Court agrees that these factors weigh in favor of granting Plaintiff additional time. Therefore, the Motions to Dismiss based on Rule 12(b)(4) and (5) are **DENIED WITHOUT PREJUDICE**. Ramos has twenty-one days from the date of this Order to properly

serve Defendants.  Service may be accomplished by complying with Tennessee Rules of Civil Procedure 4.03(2) and 4.04(10), or by employing another service method contemplated by the Tennessee and Federal Rules.  Failure to do so may result in dismissal.

II.     **Plaintiff's Motion to Amend and Defendants' Motion to Dismiss the Complaint for Failure to State a Claim**

Ramos seeks leave to file her proposed Amended Complaint (ECF No. 13), which Defendants oppose on futility grounds based on the Rule 12(b)(6) arguments included in their first Motion to Dismiss (ECF Nos. 8,18.)  Considering Ramos's pro se status, Judge Christoff construed Ramos's original and amended complaints ("the Complaints") together.  (ECF No. 38 at PageID 197) (citing Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017) ("It is apparent to the Court that [Plaintiff] Taylor-Merideth likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her relief . . . . In light of the lenient standards afforded to pro se litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment.")  Judge Christoff analyzed whether the Complaints could withstand a Rule 12(b)(6) motion to dismiss.  (Id.)  Each of Ramos's claims is discussed below.

   A.     Section 1983 Claims and Thirteenth Amendment Claim

Ramos alleges that Defendants engaged in race discrimination against her, thereby violating her equal protection rights under the Fourteenth Amendment. (ECF No. 13 at PageID 71.)  She also contends that Defendants violated her First and Thirteenth Amendment rights through their discriminatory conduct.  (Id. at 75–76.)  She brings her First and Fourteenth Amendment claims under § 1983, and she attempts to bring her Thirteenth Amendment claim as a stand-alone claim.

The R&R points out that § 1983 imposes liability only on individuals acting under color of state law. (Id. at PageID 199) (citing 42 U.S.C. § 1983). The Complaints do not contain factual allegations that any of the Defendants were acting under the color of state law. (Id. at PageID 200.) Further, Judge Christoff notes that Ramos's Thirteenth Amendment claim also fails under Rule 12(b)(6) because "[t]he Amendment does not in any way address issues of employment discrimination allegedly based on race or nationality. Although the Thirteenth Amendment provides the constitutional basis for claims arising under 42 U.S.C. § 1981 and other implementing statutes, it does not operate as an independent ground for a cause of action." (Id.) (quoting Reyes v. Seaton Enterprises, LLC, No. 1:07-cv-196, 2008 WL 2066447, at *3 (E.D. Tenn. May 13, 2008)).

Because Ramos fails to state a § 1983 or Thirteenth Amendment claim, the Motion to Dismiss those claims is **GRANTED**.

  B.  Title VII Gender Discrimination Claim

Ramos also brings a claim for gender discrimination under Title VII. However, as the R&R explains, Ramos does not allege any facts in the Complaints that she suffered any adverse employment action because of her gender. (Id. at PageID 202.) Because the facts in the Complaints regarding employment discrimination exclusively refer to her race, the motion to dismiss Ramos's Title VII gender discrimination claim is **GRANTED**.

  C.  Section 1981 Race Discrimination Claim

Ramos also alleges that Defendants engaged in race-based employment discrimination against her in violation of § 1981. (Id.) Judge Christoff recommended that this claim be allowed to proceed because the facts in Ramos's amended complaint adequately allege the elements of a § 1981 claim. (Id.) Ramos alleges that she is "African-American/Latino Hispanic," that each of

4

the Defendants directly and intentionally engaged in numerous discriminatory actions against her based on her race, and that she was ultimately fired because of her race. (ECF No. 13 at PageID 68–73.) These allegations are sufficient at this stage to survive a motion to dismiss. Therefore, the motion to dismiss this claim is **DENIED**.

        D.      <u>Tennessee Human Rights Act Claim</u>

Finally, Ramos brings a claim under the Tennessee Human Rights Act ("THRA"), alleging both gender and race discrimination. As stated above, to the extent Ramos attempts to bring a THRA claim on the basis of gender discrimination, that claim is dismissed as she has failed to include any facts that involve discrimination based on her gender.

As for the allegations of race discrimination, Judge Christoff recommended that the THRA claim against Marlowe's be allowed to proceed, but that the THRA claim against the Colemans be dismissed. The THRA expressly forecloses individual liability. <u>See</u> Tenn. Code Ann. § 4-21-301(b). Therefore, the motion to dismiss the THRA claim against the Colemans is **GRANTED**. But because Ramos has sufficiently alleged a race-based THRA claim against Marlowe's at this stage, the motion to dismiss that claim is **DENIED**.

<b><u>CONCLUSION</u></b>

For the reasons stated above, the R&R is **ADOPTED** in full. Defendants' Motions to Dismiss and Plaintiff's Motion to Amend are **GRANTED IN PART AND DENIED IN PART**. Specifically, Marlowe's Motion to Amend her Complaint is **GRANTED** as to the following claims: 1) her § 1981 race discrimination claim against all Defendants, and 2) her THRA race discrimination claim against Marlowe's. The Motions to Dismiss those claims are **DENIED**. The Motions to Dismiss the remaining claims are **GRANTED** and the Motion to Amend those claims is **DENIED**. The Motion to Dismiss the case for insufficient process and service of

process is **DENIED WITHOUT PREJUDICE**.  Ramos has twenty-one days from the date of this order to effectuate adequate service upon Defendants.  Failure to do so may result in dismissal.

  **IT IS SO ORDERED**, this 18th day of June, 2024.

            s/ Sheryl H. Lipman
            SHERYL H. LIPMAN
            CHIEF UNITED STATES DISTRICT JUDGE