IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELLE A. RAMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02502-SHL-atc |
| ) | |
| MARLOWE'S INC., d/b/a MARLOWES ) | |
| RIBS AND RESTAURANT; MELISSA ) | |
| COLEMAN; MICHAEL COLEMAN, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND**

Before the Court by order of reference[1] is *pro se* Plaintiff Michelle A. Ramos's motion to file a second amended complaint, filed on August 2, 2024. (ECF No. 44.) Defendants Marlowe's Inc., Melissa Coleman, and Michael Coleman responded in opposition on August 16, 2024. (ECF No. 46.) For the reasons set forth below, it is recommended that the Motion be DENIED.

**PROPOSED FINDINGS OF FACT**

On August 14, 2023, Ramos filed a complaint against Defendants alleging racial discrimination in violation of 42 U.S.C. § 1983, racial discrimination in violation of 42 U.S.C. § 1981, gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), violations of the Thirteenth Amendment, violations of the First Amendment brought under § 1983, and gender and race discrimination in violation of the Tennessee Human Rights Act

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

("THRA"). (ECF No. 1.) On January 12, 2024, the Court entered a Scheduling Order that, among other things, set February 29, 2024, as the deadline to file any motions to amend the pleadings. (ECF No. 21.)

On May 14, 2024, the Court entered a Report and Recommendation recommending that Ramos be permitted to proceed on (1) her § 1981 race discrimination claim against Defendants and (2) her THRA race discrimination claim against Marlowe's, as pled in her proposed Amended Complaint (ECF Nos. 13, 26), and that all of her other claims be dismissed. (ECF No. 38.) The Report and Recommendation was adopted in full by Chief District Judge Sheryl H. Lipman on June 18, 2024. (ECF No. 41.)

The document now before the Court is styled Amended Complaint, which the Court construes as a motion to file a second amended complaint. For her proposed Second Amended Complaint, Ramos uses a Court-provided form, on which she checks boxes signifying her intent to state claims against Defendants for racial discrimination and retaliation under Title VII. (ECF No. 44.) She does not allege new facts in support of those claims and instead attaches to the form her original complaint and its exhibits (ECF No. 1). (*Id.*) The Court thus interprets Ramos's filing as an attempt to add Title VII racial discrimination and retaliation claims to the claims already pending against Defendants. Defendants argue that Ramos should not be permitted to amend her pleadings due to her failure to comply with the Local Rules and the Scheduling Order and due to the futility of the proposed amendment. (ECF No. 46-1.)

## PROPOSED CONCLUSIONS OF LAW

### I. Standard of Review for Amendment of Pleadings

"[M]otions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court 'should freely give leave when justice so requires.'"

*Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 692 (W.D. Tenn. 2016) (quoting Fed. R. Civ. P. 15(a)(2)).  An exception to this forgiving standard is when a proposed amendment is futile.  *Id.* (citing *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 729 (6th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182, (1962).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Berry v. Regions Fin. Corp.*, 507 F. Supp. 3d 972, 977 (W.D. Tenn. 2020), *appeal dismissed*, No. 21-5038, 2021 WL 1511687 (6th Cir. Jan. 29, 2021) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).  Denial of a motion to amend also "is appropriate where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Joy v. Burchyett*, No. 1:21-cv-01190-STA-jay, 2022 WL 16787846, at *2 (W.D. Tenn. Nov. 8, 2022) (quoting *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005)).  However, after a scheduling order pursuant to Federal Rule of Civil Procedure 16 has been entered, "the time for amending the pleadings and completing discovery must be limited."  *Orlowski v. Bates*, No. 2:11-cv-01396-JPM-cgc, 2014 WL 12773800, at *3 (W.D. Tenn. Feb. 11, 2014) (citing Fed. R. Civ. P. 16(b)(3)(A)).

**II.    Consultation on the Amendment**

Defendants first contend that Ramos did not consult with them prior to filing her proposed amendment, in violation of this Court's Local Rules.  (ECF No. 46-1, at 3.)  Local Rule 7.2(a)(1)(B) provides that

> motions to amend shall be accompanied by a certificate of counsel or the parties proceeding *pro se* affirming that, after consultation, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action

3

> requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

Courts in this district have denied motions to amend based on a party's failure to consult with opposing counsel prior to filing a motion. *Taylor v. Wal-Mart*, No. 2:17-cv-02386-JPM-cgc, 2018 WL 2271379, at *3 (W.D. Tenn. May 17, 2018), *report and recommendation adopted*, 2:17-cv-02386-JPM-cgc, ECF No. 56 (W.D. Tenn. Dec. 19, 2018); *Jackson v. WMC Mortg. Corp.*, No. 2:12-cv-02914-JPM-cgc, 2013 WL 5550228, *3 (W.D. Tenn. Oct. 8, 2013). It does not appear that Ramos consulted with Defendants before filing her proposed amended pleading and thus has violated Local Rule 7.2(a)(1)(B). In this instance, the Court will consider Ramos's request to file an amended pleading. Ramos is warned, however, that failures to consult in the future may result in denial of the relief she seeks.

**III.    Timeliness of the Proposed Amendment**

Defendants also correctly argue that Ramos's proposed amended pleading was filed in violation of the Scheduling Order. The Scheduling Order set February 29, 2024, as the deadline for filing motions to amend the pleadings, but Ramos did not file her proposed Second Amended Complaint until August 2, 2024.

"Once the scheduling order's deadline passes, a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Lockhart v. D & S Residential Servs., LP*, No. 2:18-cv-02586-JPM-cgc, 2020 WL 13111154, at *2 (W.D. Tenn. Mar. 17, 2020) (quoting *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003)). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause determination requires two considerations: (1) whether the moving party has established "that the existing scheduling order 'cannot reasonably be met despite the diligence'

4

of that party," and (2) "'whether the opposing party will suffer prejudice by virtue of the amendment.'" *Interstate Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 142 (M.D. Tenn. 2013) (quoting *Leary*, 349 F.3d at 906).

> Even if no prejudice is evident, the plaintiff still "must [ ] explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." When the plaintiff's explanation for the delay is insufficient, it is appropriate for the Court to deny the motion for leave to amend.

*Porter*, 316 F.R.D. at 693 (quoting *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010)).

Because Ramos did not actually file a motion to amend her pleadings (she instead simply filed the proposed Second Amended Complaint without request or explanation), she has offered no good cause whatsoever for her failure to comply with the Scheduling Order. Nor does it appear that she could establish good cause even if she had attempted to do so. At the time she filed her original complaint, Ramos should have been aware of her ability to assert a Title VII racial discrimination claim, as she asserted at that time a Title VII gender discrimination claim and a racial discrimination claim under 42 U.S.C. § 1981, among other claims.[2] (*See* ECF No. 1.) Importantly, her proposed Second Amended Complaint does not contain any new factual allegations, and thus any facts supporting her Title VII racial discrimination claim have been known to her since at least her prior amendment on December 4, 2023. (*See* ECF No. 13.) But she has offered no explanation of her failure to assert a Title VII racial discrimination claim at that time, or at any time before the deadline to amend the pleadings.

In addition, the Court notes that Ramos has not otherwise been particularly diligent in litigating her case. When Ramos moved to amend her Complaint on December 4, 2023, she

---

[2] It is unclear from the record whether Ramos raised racial issues in her EEOC charge of discrimination. Defendants have not argued that Ramos failed to exhaust her race claims with the EEOC prior to filing her original complaint.

5

inadvertently omitted the first page of her proposed Amended Complaint. (ECF Nos. 13.) The Court noted that oversight at the scheduling conference and gave Ramos until January 18, 2024, to file that first page. (ECF Nos. 20, 21.) Ramos did not do so until February 20, 2024—thirty-three days after the deadline. (ECF No. 26.) Then, on June 18, 2024, in adopting this Court's Report and Recommendation, Judge Lipman gave Ramos an additional twenty-one days, until July 9, 2024, to effectuate proper service of process on Defendants. (ECF No. 41.) Ramos did not effect service until twenty-five days after that deadline, however (ECF No. 45), and only after this Court's July 24th Order to Show Cause as to why she had not yet done so (ECF No. 42). In other words, Ramos has exhibited a lack of diligence throughout this case.

Though Defendants have not addressed the prejudice consideration, it is evident that they would be prejudiced if Ramos's late amendment were permitted. "Courts will deny leave to amend where there is 'some significant showing of prejudice to the opponent.'" *Custard Hut Franchise LLC v. H&J Jawad LLC*, 697 F. Supp. 3d 723, 730 (E.D. Mich. 2023) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). Ramos's proposed amendment came only a month before the close of discovery and only two months before the deadline for dispositive motions. Allowing Ramos to amend would require Defendants to refile their motion for summary judgment (ECF No. 48), would possibly necessitate reopening discovery, and would force the resetting of the trial, currently set to begin February 24, 2025 (ECF No. 22). Such a delay is inherently prejudicial to Defendants and entirely disruptive to the schedule in this case. *See Custard Hut*, 697 F. Supp. 3d at 730 (finding that a proposed amendment would cause undue prejudice to the non-moving party because it would necessitate reopening summary judgment briefing or additional motion practice on a new affirmative defense). "The Sixth Circuit readily has found prejudice and affirmed denials of leave to amend on similar facts,

6

particularly where the [moving party] has no plausible excuse for the tardiness of its efforts to amend." *Id.* (citing *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005)).

Finally, though not necessarily relevant to the Rule 16(b) analysis, it is notable that denial of Ramos's attempt to amend would likely cause her no prejudice, as she has already stated a claim for racial discrimination under 42 U.S.C. § 1981. Like Title VII, § 1981 "affords a federal remedy against discrimination in private employment on the basis of race" and encompasses claims of retaliation. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975); *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). The damages available under § 1981 are, in fact, more expansive than those available under Title VII. *See, e.g.*, *Johnson*, 421 U.S. at 460.

In conclusion, Ramos has failed to demonstrate good cause for her delay in seeking to amend her pleadings because she has provided no justification for the delay and the amendment at this stage would prejudice Defendants. Her request to file a Second Amended Complaint is untimely, and relief from the deadlines imposed by the Scheduling Order is unwarranted.[3]

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Ramos's motion to amend her pleadings be DENIED.

Respectfully submitted this 6th day of December, 2024.

s/ Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

---

[3] Because denial of amendment is recommended under Rule 16(b), consideration of Defendants' futility arguments and the Rule 15 standard is unnecessary. *See Porter*, 316 F.R.D. at 693 ("The Court agrees with Defendants that Plaintiff has not shown good cause for the late amendment. Therefore, the Court need not look at the Rule 15 factors.").

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.