IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELLE A. RAMOS,<br><br>    Plaintiff,<br><br>v.<br><br>MARLOWE'S INC. d/b/a MARLOWES RIBS AND RESTAURANT, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  No. 2:23-cv-02502-SHL-atc<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R") on pro se Plaintiff Michelle A. Ramos's Motion to Amend, filed December 6, 2024. (ECF No. 54.) Plaintiff filed her proposed Second Amended Complaint on August 2, 2024. (ECF No. 44.) Defendants Marlowe's Inc., Melissa Coleman, and Michael Coleman replied in opposition fourteen days later. (ECF No. 46.) Now, the Magistrate Judge recommends that the Court deny Plaintiff's Motion to Amend. (Id. at PageID 430, 436.) As discussed below, the Court agrees.

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).

A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) 1983 advisory committee notes.

The R&R was filed on December 6, 2024, and thus December 20, 2024 was the deadline to file any objections.  The deadline has now passed, and no objections were filed, specific or otherwise.  The Court reviews the R&R in its entirety for clear error and finds none.

As the R&R states, Plaintiff filed her proposed amended pleading in violation of the Scheduling Order, without a showing of good cause, and without consulting with Defendants. Per the Scheduling Order, February 29, 2024, was the deadline for filing motions to amend the pleadings.  (ECF No. 21 at PageID 119.)  Plaintiff, however, filed her proposed Second Amended Complaint over five months past the deadline.  (ECF No. 13.)  When filing the proposed Second Amended Complaint, Plaintiff provided no explanation for her delay, and there is no indication that she could demonstrate good cause.  (See id.)  The Magistrate Judge cited Plaintiff's pattern of neglecting deadlines, time and time again, to further demonstrate a lack of good cause.  (ECF No. 54 at PageID 434–35.)  Moreover, Plaintiff's proposed Second Amended Complaint fails to include any new factual allegations that would support her new Title VII racial discrimination claim, nor does she explain why she did not raise her Title VII racial discrimination claim previously.  (See ECF No. 13.)  Defendants opposed Plaintiff's Motion to Amend.  (ECF No. 46.)

Thus, the Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** Plaintiff's Motion to Amend.

**IT IS SO ORDERED,** this 23rd day of December, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE