# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHELLE A. RAMOS, | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-02502-SHL-atc |
| | ) |
| MARLOWE'S INC. d/b/a MARLOWES RIBS AND RESTAURANT, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R") on Defendants Marlowe's Inc. d/b/a Marlowes Ribs and Restaurant ("Marlowe's"), Melissa Coleman, and Michael Coleman's Motion for Summary Judgment, filed October 4, 2024. (ECF No. 56.) Although Plaintiff Michelle Ramos did not fully respond to the Motion itself, on January 30, 2025, she objected to the R&R. (ECF No. 58.) Defendants did not respond to the R&R or Plaintiff's objection.

Judge Christoff recommends that the Court grant in part and deny in part Defendants' Motion for Summary Judgment. (ECF No. 56 at PageID 441.) As discussed below, the Court agrees.

## BACKGROUND

Plaintiff, who identifies as half-Mexican and half-Black, was terminated from her job as a bartender/server at Marlowe's on October 4, 2021. (ECF No. 48-2 at ¶¶ 9–10.) She contends that her termination was based on her race, alleging racial discrimination claims under the Tennessee Human Rights Act ("THRA") and 42 U.S.C. § 1981 ("Section 1981"). (ECF No. 1 at ¶¶ 24–35.) Her Section 1981 claim also includes allegations of retaliation and a hostile work

environment based on offensive and racially charged statements allegedly made to her over a number of years. (ECF No. 13 at ¶¶ 32, 46.) Defendants contend that they did not engage in any form of discrimination, and Plaintiff was not terminated because of her race. (ECF Nos. 47 at ¶ 1, 48 at PageID 285.) Rather, Defendants argue that Plaintiff was terminated because of "repeated violations of restaurant policy" and the allegedly offensive comments she alleges did not negatively impact her employment at Marlowe's (ECF No. 48-1 at PageID 294, 301.)

Defendants filed their Motion for Summary Judgment on October 4, 2024. (ECF No. 48.) Plaintiff did not timely respond, and, on November 7, she was directed to respond to the Motion or show cause regarding why the Motion should not be granted by November 21. (ECF No. 49.) Plaintiff then filed a motion for additional time (ECF No. 50), which the Court granted (ECF No. 51). On November 27, two days before her extended deadline to respond, Plaintiff filed a second motion for additional time. (ECF No. 52.) The Court denied that Motion on December 2, and directed Plaintiff to file her response by December 4, with a warning that her failure to do so might result in Defendants' Motion being granted. (ECF No. 53.) The docket reflects that Plaintiff filed a document on December 2, which was attached as an exhibit to her November 27 Motion. (ECF No. 52-1.) The submission consisted of assorted emails and handwritten notes from Plaintiff and other individuals who seem to be her former colleagues, and a copy of what looks like her separation notice. (Id.)

## THE R&R

In the R&R, Judge Christoff determines that Plaintiff's THRA claim is barred by the statute of limitations and is thus untimely. (ECF No. 56 at PageID 450.) Under the THRA, a civil action must be filed "within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21- 311(d). Here, however, Plaintiff does not provide the dates when the

2

derogatory comments were made but believes that they occurred over a five-to-eight-year period, outside of that one-year window. (ECF No. 56 at PageID 450.)

Next, Judge Christoff concludes that Plaintiff fails to establish a <u>prima facie</u> case for discrimination because she does not identify a non-protected employee who replaced her and she does not point to admissible evidence to create a genuine issue of material fact that she was treated differently because of her race. (<u>Id.</u> at PageID 451–52.)

Even if Plaintiff could establish a <u>prima facie</u> case, Judge Christoff concludes that Plaintiff fails to create a genuine issue of material fact as to pretext in response to Defendants' legitimate, nondiscriminatory reason for firing her—Plaintiff's violation of the Restaurant's House Rules prohibiting employees from discussing personal matters with customers. (<u>Id.</u> at PageID 452–53.) In fact, according to Judge Christoff, Plaintiff admitted that she relies on her own subjective belief that her termination was because of her race. (<u>Id.</u>) Thus, the R&R recommends summary judgment as to Plaintiff's racial discrimination claim under Section 1981. (<u>Id.</u> at PageID 453–54.) In addition, the R&R recommends granting the Motion as to Plaintiff's retaliation claim, again based on the lack of a genuine issue of material fact related to pretext. (<u>Id.</u> at PageID 454–55.)

However, Judge Christoff determines that there are disputes of material fact related to two elements of Plaintiff's hostile work environment claim. (<u>Id.</u> at PageID 455–60.) Plaintiff bases this claim on four comments made by Defendant Michael Coleman over a year and a half, specifically (1) that he thought Ramos "was only half-Black" when she was moving slowly, (2) that he would not reinstate a karaoke night because he was "not going to let those n*****s kill his son," (3) that he did not want to hear "jungle music" playing in the Restaurant when Ramos tried to change the radio station, and (4) that Ramos's business was "as legitimate as a n*****'s

3

bicycle." (Id.) While Judge Christoff stated that it is unclear if the offensive comments were (1) based on race or (2) severe or pervasive enough to alter her employment conditions or create an abusive work environment, she concluded that there were disputes of material fact as to these two elements of Plaintiff's claim. (Id.) These disputes of fact defeat summary judgment regarding Plaintiff's hostile work environment claim under Section 1981, according to Judge Christoff. (Id.)

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). Even though pro se plaintiffs' pleadings are more "liberally construed" and evaluated with a less stringent standard than those filed by counsel, the substance of their submissions remains important. Kondaur Cap. Corp. v. Smith, 802 F. App'x 938, 945 (6th Cir. 2020) (internal citations omitted); Freeman v. Sullivan, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013), aff'd (Dec. 27, 2013) (internal citations omitted). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "[I]ssues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." Morgan v. Trierweiler, 67 F.4th 362, 367 (6th Cir. 2023) (internal quotation marks and citations omitted).

Here, Plaintiff did file an objection, which included her untimely and not previously filed response to Defendants' Motion for Summary Judgment. (See ECF No. 58.) Plaintiff states that her failure to timely respond was "an inadvertent mistake" but seems to contend that the error was by the Clerk's office. (Id. at PageID 463.) She implies that she submitted her response to Defendants' Motion to the Clerk's office on December 2, 2024 to be filed. (ECF No. 58-3 at PageID 495–96.)

The Court confirmed that the Clerk's office filed the documents that Plaintiff provided on December 2, 2024, attaching those documents to her previously filed motion (ECF Nos. 52, 52-1), and that Judge Christoff considered that material when preparing the R&R. However, that attachment is not the same as the documents Plaintiff attached to her objection. (Compare ECF Nos. 52, 52-1 with ECF No. 58-1 and ECF No. 58-2.) Thus, despite the title of Plaintiff's most recently filed documents, they are treated as objections to the R&R.

As for the substance of her objections, Plaintiff concedes that her THRA claim is barred by the statute of limitations but objects to Judge Christoff's conclusion that there are no disputes of material fact regarding her discrimination and retaliation claims under Section 1981. (ECF No. 58 at PageID 463, 466–68.) For the first time, she contends in her objection that Defendants do not have proof that she signed a copy of the House Rules policy she allegedly violated, which led to her termination, or that she was aware of the rules. (Id.) According to Plaintiff, Defendants use "a forged document" to argue that she knew about the House Rules when they terminated her. (Id. at PageID 466.) She also argues that she has witnesses who will testify about the discriminatory acts that she allegedly experienced, identifying Velicia Callicot, Carrie Robinson, Dexter Whitaker, Scott Emerson, and Alexis Manning-Williams, but she fails to

include any actual statements from anyone or highlight any deposition testimony. (Id. at PageID 467.)

First, Plaintiff's argument about the authenticity of her signature on the House Rules is new. Because she did not allege or argue that her signature was forged until her objections to the R&R, Plaintiff forfeited this argument. (Compare ECF Nos. 52, 52-1 with ECF No. 58 at PageID 466.) Moreover, her position that her signature was "forged" appears to contradict the documents she submitted that were labeled as her response to the Motion for Summary Judgment and Contested Facts. (See generally ECF Nos. 58-1, 58-2.) There, she even acknowledged that "her original signature appears on a copy of those rules." (ECF No. 58-2 at ¶ 18.)

Additionally, Plaintiff's attempts to rely on witnesses Callicot, Robinson, Whitaker, Emerson, and Manning-Williams for the first time in her objections. However, again, raising new evidence at this stage is not permitted. Selmon-Austin v. Wells Fargo Bank, No. 2:21-cv-02724-JTF-cgc, 2022 WL 18141470, at *5 (W.D. Tenn. Sept. 7, 2022) (internal citations omitted). Rather, if these witnesses had testimony to offer, the testimony should have been included in a timely response to Defendants' Motion.

Thus, while Plaintiff objected to the R&R, her reliance on improper new arguments cannot be considered as specific objections. When a party objects to an R&R, their objections must be so specific that the Court can "discern those issues that are dispositive and contentious." Ragland v. F & M Koz, Inc., No. 2:21-cv-02530-TLP-cgc, 2022 WL 945317, at *4 (W.D. Tenn. Mar. 29, 2022) (quoting Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). These must be "specific challenges to the magistrate judge's conclusions." Hudson v. McDonough, No. 2:21-CV-02572-TLP-ATC, 2024 WL 4326817, at *2 n.1 (W.D. Tenn. Sept. 26, 2024) (internal citation omitted). Additionally, conclusory statements are not considered to be "specific

6

objections." Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) (citing Miller, 50 F.3d at 380).

Here, Plaintiff offers general statements of disagreement, and references, for the first time, and only in general terms, proof she wishes to rely on. Because her objections include conclusory statements and improper proof, her objections cannot be considered to be specific.

Finding that Plaintiff's response does not include specific objections to Judge Christoff's conclusions, the Court reviews the R&R in its entirety for clear error and finds none. The R&R properly assesses the record, recommends summary judgment on Plaintiff's claims under the THRA and Section 1981 for discrimination and retaliation, and recommends a denial of summary judgment on Plaintiff's claim under Section 1981 for a hostile work environment. Even if a de novo standard was applied, the result would be the same.

## CONCLUSION

Therefore, the Court **ADOPTS** the R&R and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment. Plaintiff's hostile work environment claim under Section 1981 remains.

**IT IS SO ORDERED**, this 11th day of February, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE