IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELLE A. RAMOS,  ) | |
|    Plaintiff,  ) | |
| ) | |
| v.  ) | No. 2:23-cv-02502-SHL-atc |
| ) | |
| MARLOWE'S INC. d/b/a MARLOWES  ) | |
| RIBS AND RESTAURANT, et al.,  ) | |
|    Defendants.  ) | |

**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING WAGE-BASED DAMAGES**

Before the Court is Defendants Marlowe's Inc. d/b/a Marlowes Ribs and Restaurant, Melissa Coleman, and Michael Coleman's ("Defendants") Motion in Limine to Exclude Evidence or Argument Concerning Wage-Based Damages (ECF No. 61), filed February 10, 2025. Plaintiff Michelle Ramos ("Plaintiff") filed her response on February 12, 2025. (ECF No. 64.) As explained below, Defendants' Motion is **GRANTED**.

Plaintiff, who identifies as half-Mexican and half-Black, alleges that she was subjected to a racially hostile work environment, in violation of 42 U.S.C. § 1981, while working at Marlowe's.[1] (See ECF No. 63 at PageID 564–65.) She worked at Marlowe's for approximately twenty years, beginning in 2001 as a server, then as a bartender/server until her termination on October 4, 2021. (ECF No. 48-2 at ¶¶ 9–10.) While working there, Defendant Michael Coleman allegedly made the following statements: (1) that he asked Plaintiff why she was "moving slow" and that he had thought Plaintiff "was only half-Black,: (2) that he would not reinstate a karaoke night because he was "not going to let those n*****s kill his son," (3) that he did not want to

---

[1] Only Plaintiff's hostile work environment claim remains after Defendants' Motion for Summary Judgment was granted as to her other claims. (See ECF No. 63.)

hear "jungle music" playing in the restaurant when Plaintiff tried to change the radio station, and (4) that Plaintiff's business was "as legitimate as a n*****'s bicycle." (ECF Nos. 56 at PageID 455–60; 48-2 at ¶¶ 57–60.) Plaintiff was allegedly offended by these comments. (ECF No. 56 at PageID 455–60.)

Defendants seek to exclude from the March 17th trial evidence related to potential wage-related damages. (ECF No. 61 at PageID 538.) Defendants argue that Plaintiff's hostile work environment claim cannot lead to an award of wage-based damages, including backpay and front pay, because she suffered no lost wages even if a jury finds in her favor as to liability. (Id.; ECF No. 61-1 at PageID 544.) They based their argument on the fact that summary judgment was granted in their favor on Plaintiff's termination claims and her hostile work environment claim is not connected to her termination. (Id.) Allowing this evidence could lead the jury to believe that "despite the undisputed evidence to the contrary, Plaintiff must have suffered some wage-related damages and/or that Plaintiff's termination is also at issue." (Id.) Thus, evidence of wage-based damages would be irrelevant and unfairly prejudicial, according to them. (Id.). In response, Plaintiff argues that this wage-based evidence is relevant because such damages are permissible in this action and she should be able to argue why she can recover any lost wages suffered. (ECF No. 64 at PageID 572–74.)

Pre-trial motions in limine on evidentiary issues help "to avoid delay and to allow the parties to focus" on matters that can be appropriately heard by the jury. Advance Wire Forming, Inc. v. Stein, No. 1:18CV723, 2022 WL 3716539, at *4 (N.D. Ohio May 25, 2022) (citing United States v. Brawner, 173 F.3d 966, 970 (6th Cir. 1999); Louzon v. Ford Motor Co., 718 F.3d 556, 561 (6th Cir. 2013)). Only evidence that is relevant is admissible. Fed. R. Evid. 402. Unfairly prejudicial evidence that could mislead or confuse a jury must be excluded. Fed. R.

Evid. 403; see United States v. Walsh, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting Luce v. United States, 469 U.S. 38, 40 n.2 (1984)) ("A motion in limine is 'made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'")

Here, Plaintiff cannot recover wage-based damages even if successful on her hostile work environment claim, because she does not allege, and the proof does not show, that she was terminated or even constructively discharged in connection with this claim. See Betts v. Costco Wholesale Corp., 558 F.3d 461, 475 (6th Cir. 2009). Although Plaintiff is correct that wage-based damages can sometimes be recovered on a hostile work environment claim, that occurs when the alleged hostile work environment leads to termination, which is not the case here. Because Plaintiff cannot seek wage-based damages via her current claim, discussing them at trial is irrelevant.

In addition to being irrelevant, mention of wage-based damages would create unfair prejudice. If evidence "invite[s] the jury to make a decision on an improper basis," it is unfairly prejudicial and must be excluded. United States v. Snyder, No. 97-6058, 1998 U.S. App. LEXIS 30126, at *1 (6th Cir. Nov. 23, 1998). Here, mentioning wage-based damages could confuse the jury, for jurors may reasonably be misled to believe that Plaintiff could be entitled to receive this relief through her hostile work environment claim.

Therefore, the Motion in Limine is **GRANTED**. No evidence of wage-based damages may be offered during the trial, nor mention of this issue in argument.

**IT IS SO ORDERED**, this 21st day of February, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
