IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHELLE A. RAMOS, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARLOWE'S INC. d/b/a MARLOWES ) <br> RIBS AND RESTAURANT, et al., ) <br> Defendants. ) | No. 2:23-cv-02502-SHL-atc |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER SUMMARY JUDGMENT**

Before the Court is Plaintiff Michelle A. Ramos's Motion to Reconsider Summary Judgment (ECF No. 66), filed February 13, 2025. Defendants Marlowe's Inc. d/b/a Marlowes Ribs and Restaurant, Melissa Coleman, and Michael Coleman ("Defendants") responded on February 24 (ECF No. 70), and Plaintiff replied on February 27 (ECF No. 71). For the reasons discussed below, Plaintiff's Motion is **DENIED**.

### BACKGROUND

Plaintiff, who identifies as half-Mexican and half-Black, was terminated from her job as a bartender/server at Marlowe's on October 4, 2021. (ECF No. 48-2 at ¶¶ 9–10.) She contends that her termination was based on her race, alleging racial discrimination, retaliation, and hostile work environment claims under 42 U.S.C. § 1981 ("Section 1981"). (ECF No. 1 at ¶¶ 24–35.) Defendants contend that Plaintiff was not terminated because of her race. (ECF Nos. 47 at ¶ 1, 48 at PageID 285.) Rather, Defendants argue that Plaintiff was terminated because of "repeated violations of restaurant policy" and that the allegedly offensive comments which form the basis of her hostile work environment claim did not negatively impact her employment at Marlowe's. (ECF No. 48-1 at PageID 294, 301.)

Defendants filed their Motion for Summary Judgment on October 4, 2024. (ECF No. 48.)[1] On January 17, 2025, Magistrate Judge Annie T. Christoff filed a Report and Recommendation ("R&R"), recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part, leaving only Plaintiff's hostile work environment claim. (ECF No. 56.)

Although Judge Christoff determined that there are disputes of material fact related to two elements of Plaintiff's hostile work environment claim, she concluded that Plaintiff failed to establish a prima facie case of discrimination. (Id. at PageID 451–52, 455–60.) Even if Plaintiff could have established the prima facie elements, Judge Christoff concluded that she failed to create a genuine issue of material fact as to pretext in response to Defendants' legitimate, nondiscriminatory reason for firing her—Plaintiff's violation of the Restaurant's House Rules prohibiting employees from discussing personal matters with customers. (Id. at PageID 452–53.) In fact, according to Judge Christoff, Plaintiff admitted that her only proof of race discrimination was her own subjective belief that her termination was because of her race. (Id.) Thus, the R&R recommended summary judgment as to Plaintiff's race discrimination claim under Section 1981. (Id. at PageID 453–54.) In addition, the R&R recommended granting the Motion as to Plaintiff's retaliation claim, again based on the lack of a genuine issue of material fact related to pretext. (Id. at PageID 454–55.)

---

[1] Plaintiff did not timely respond to Defendants' Motion. (See ECF No. 49.) After efforts to obtain a response from Plaintiff (see ECF No. 63 at PageID 565), the docket reflects that she filed a document on December 2, which was attached as an exhibit to her November 27 motion for extension of time (ECF No. 52-1). The exhibit consists of assorted emails and handwritten notes from Plaintiff and other individuals who seem to be her former colleagues, and a copy of what looks like her separation notice. (Id.)

Plaintiff objected to the R&R on January 30.  (ECF No. 58.)  In Plaintiff's Response to the R&R, she argued for the first time that Defendants do not have proof that she signed a copy of the House Rules policy she allegedly violated which led to her termination, or that she was aware of the rules.  (Id. at PageID 463, 466–68.)  According to Plaintiff, Defendants used "a forged document" to argue that she knew about the House Rules when they terminated her.  (Id. at PageID 466.)

On February 11th, the Court adopted Judge Christoff's R&R, granting in part and denying in part Defendants' Motion for Summary Judgment.  (ECF No. 63.)  There, the Court concluded that, because Plaintiff did not dispute the authenticity of her signature until she objected to the R&R, she forfeited the argument.  (Id. at PageID 569.)  Moreover, her position that her signature was "forged" appeared to contradict the documents she submitted that were labeled as her response to the Motion for Summary Judgment and Contested Facts.  (Id.)

Now, based on Rule 59(e), Plaintiff seeks reconsideration of the granting of summary judgment, arguing that an issue of material fact remains as to whether Plaintiff signed the House Rules.  (ECF Nos. 66 at PageID 627; 71 at PageID 645.)  She also argues that Defendants should be sanctioned for continuing to rely on a fraudulent document.  (ECF No. 66 at PageID 628.)

**ANALYSIS**

I.   **Reconsideration**

Plaintiff relies on Rule 59(e) to argue that the Court should reconsider its ruling.  (Id. at PageID 626).  However, Rule 59(e) addresses judgments, not court orders that do not resolve the case.  See CGH Transp., Inc. v. Quebecor World, Inc., 261 F. App'x 817, 823 n.10 (6th Cir. 2008).  Rule 59(e) is inapplicable here.

However, the Court construes the Motion as brought under Federal Rule of Civil Procedure 60(b), which allows an order to be altered for reasons such as "fraud, misrepresentation, or misconduct by an opposing party." Yet "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001) (internal citations omitted). Although pro se motions are treated more liberally, pro se litigants are still required to meet the applicable standards. See Smith v. Zoll Med. Corp., No. 1:20-cv-02204-STA-jay, 2021 WL 12319502, at *2 (W.D. Tenn. Sept. 3, 2021).

Applying those standards here, Plaintiff's Motion also fails under Rule 60(b). The Motion repeats the arguments from her objection to the R&R, contending that her signature was forged. (ECF No. 66 at PageID 627.) The Court previously considered and rejected this argument, based on a failure to timely raise the argument and the fact that her own documents contradict this position. Because Plaintiff offers no new arguments as to why the Court should revisit its Order, let alone compelling arguments, her motion is denied.

**II.    Sanctions**

Relying on Tennessee state rules, Plaintiff also seeks to sanction Defendants and their counsel, arguing that they continue to rely on forged documents. (ECF No.66 at PageID 628.) However, in federal court, sanctions arise under Federal Rule of Civil Procedure 11. Under Rule 11, a party can seek sanctions against another if that party makes factual contentions that lack evidentiary support or arguments that are not grounded in law. The conduct must be "objectively unreasonable." Montell v. Diversified Clinical Servs., Inc., 757 F.3d 497, 510 (6th Cir. 2014). Procedurally, a motion for sanctions "must be made separately from any other motion." Fed. R. Civ. P. 11(b). A party seeking sanctions must serve the motion on the opposing party and allow

4

them twenty-one days to respond before filing the motion with the court.  See Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 392 n.2 (6th Cir. 2009) (citing Fed. R. Civ. P. 11(c)(2)).

Here, interpreting Plaintiff's argument as a Rule 11 Motion, first, she fails to follow the procedural steps required because she neither filed the Motion on its own nor gave Defendants twenty-one days to respond before requesting relief from the Court.  (See ECF Nos. 66; 70-1 at PageID 640.)  Moreover, substantively, sanctions are not appropriate here, given the conflicting positions she has previously taken.  It is unclear to the Court that Defendants even rely on the document at issue.  However, to the extent they do, this situation does not meet the "objectively unreasonable" standard required for a Rule 11 claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**, this 3rd day of March, 2025.

                                                    s/ Sheryl H. Lipman
                                                   SHERYL H. LIPMAN
                                                   CHIEF UNITED STATES DISTRICT JUDGE